UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TAREYTON LEE, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-198 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

### Background

On May 22, 2013, Petitioner filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254 in the Texarkana Division of the Eastern District of Texas (D.E. 1). The petition was transferred to the Corpus Christi Division of the Southern District of Texas on May 29, 2013 (D.E. 7). On July 2, 2013, Petitioner was mailed a Notice of Deficient Pleading advising him that within twenty (20) days he must pay the $5.00 filing fee or submit a completed application for leave to proceed *in forma pauperis* together with a certified copy of his inmate trust account statement (D.E. 12). Petitioner failed to respond to this notice. On August 1, 2013, Petitioner was ordered to show cause, within thirty days, why his petition should not be dismissed for want of prosecution (D.E. 14). To date Petitioner has not paid the fee nor has he shown cause for his failure to comply. Petitioner was warned that his failure to comply would result in dismissal. It appears petitioner has abandoned his claims.

## Discussion

Rule 41(b) of the Federal Rules of Civil Procedure, provides as follows:

(b) **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

This rule has been interpreted to include the power of the District Court to *sua sponte* dismiss an action for failure to prosecute. *Martinez v. Johnson*, 204 F.3d 769, 772 (5th Cir. 1997) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* (citing *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 1388 (1962)). If the dismissal is with prejudice, the district court must first determine that the failure to comply was the result of purposeful delay or contumaciousness, and the record must reflect that the district court employed lesser sanctions before dismissing the action. *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

## <u>Recommendation</u>

Here Petitioner failed to comply with the Notice of Deficient Pleading and the Order to Show Cause. He has not responded in any way and appears to have abandoned his claim. No lesser sanction than dismissal is available because of Petitioner's failure to

communicate with the court. Accordingly, it is respectfully recommended that the petition be dismissed without prejudice for want of prosecution. FED. R. CIV. P. 41(b).

Respectfully submitted this 9th day of September, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).